IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIPOSA FARMS, LLC, a
New Mexico limited liability
company,**

        **Plaintiff,**

**v.**                                                  **CIV 03-0779 JC/LAM**

**WESTFALIA-SURGE, INC., an
Illinois corporation, et al.,**

        **Defendants.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on *Rota-Tech's Motion and Memorandum Brief for Sanctions for Spoliation of Evidence* (*Doc. 142*) filed by Defendant Rota-Tech Dairy Sheds International Ltd. (hereinafter, "Defendant Rota-Tech" or "Rota-Tech"). Having reviewed the motion and memorandum and its attached exhibits, the response to the motion and its attached exhibits (*Doc. 162*), the reply and its attached exhibits (*Doc. 181*), and relevant law, and having considered the presentations of counsel at a hearing held on January 19, 2005, the Court recommends that the motion be **GRANTED** but recommends that the sanctions imposed be less severe than Defendant Rota-Tech requested.

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition with the Clerk of the United States District Court for the District of New Mexico, 333 Lomas Boulevard, N.W., Albuquerque, New Mexico 87102. **A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Any party may waive this ten (10) day period by filing a written notice of waiver with the Court.**

On December 23, 2004, Defendant Westfalia-Surge, Inc. (hereinafter, "Defendant Westfalia-Surge" or "Westfalia-Surge") filed a ***Motion to Adopt and File Reply in Support of Rota-Tech's Motion and Memorandum Brief for Sanctions for Spoliation of Evidence*** (*Doc. 166*) and an ***Adoption and Reply of Westfalia-Surge, Inc. in Support of Rota-Tech's Motion and Memorandum Brief for Sanctions for Spoliation of Evidence*** (*Doc. 167*).  On January 10, 2005, Plaintiff filed ***Plaintiff's Response to Westfalia's Motion to Adopt and File Reply*** (*Doc. 183*) arguing, *inter alia,* that there is no local rule that allows a party to adopt another party's motion after the motion deadline has passed.  At the hearing on Rota-Tech's motion for sanctions for spoliation, the Court cited to D.N.M.LR-Civ. 7.1(a) which allows a party to adopt by reference another party's motion or other paper.  Despite a lack of complete compliance with the local rule, it appears that Westfalia's motion to adopt Rota-Tech's motion should be permitted and that it should be **GRANTED**.  It also appears that Westfalia should be afforded the same relief granted to Rota-Tech as to spoliation for the reasons set forth below.

This lawsuit concerns alleged deficiencies in a milking system installed at a commercial dairy located in New Mexico.  Plaintiff Mariposa Farms, LLC, alleges that Defendant Rota-Tech designed, manufactured, installed and serviced commercial dairy milking equipment as part of the system that failed to perform as intended resulting in financial losses.  One of the alleged deficiencies in the milking system was inadequate and inconsistent vacuum pressure.

Rota-Tech has demonstrated that beginning in late July, 2003, after this lawsuit was filed, Plaintiff significantly altered the milking system and its components that are at issue.  Plaintiff failed to give prior notice of the alterations to Rota-Tech and, as a consequence, Rota-Tech did not have the opportunity to inspect and/or test the milking system prior to its alteration.  In April of 2004, Plaintiff leased the dairy and the milking system to a lessee and the lessee made further changes to

the milking system without prior notice to Rota-Tech. The alterations to the milking system involved the replacement and reconfiguration of equipment such that the original milking system and its vacuum pressure cannot be inspected and tested. Plaintiff's expert, Dr. Sybren Reitsma, was allowed to inspect and test the milking system prior to its alteration.

Plaintiff's counsel, David Domina, asked Plaintiff's expert, Dr. Reitsma, not to contact Defendant Westfalia-Surge, Inc. while changes were being planned to the milking system. In May of 2003, one of Plaintiff's owners, Dallen Skelley, met with Mr. Domina and Dr. Reitsma to discuss problems with the milking system with an eye toward filing suit. On June 5, 2003, Dr. Reitsma, sent an e-mail to Mr. Domina to identify problems with the milking system, identify possible changes to the system and inquire whether or not to contact Defendants. Mr. Domina replied by e-mail also dated June 5, 2003, in which he discussed the status of the complaint against the Defendants and stated "I am hesitant to have contact with Westfalia a[t] this critical time, too, and hope we can avoid it until after suit is filed."[2] On July 2, 2003, Plaintiff filed this lawsuit against Defendants. In late July or early August, 2003, after the lawsuit was filed, Plaintiff significantly altered the milking system and its components. Plaintiff had approximately six weeks from the time Dr. Reitsma recommended making changes to the milking system and its components to the time Plaintiff began making changes in which to notify Rota-Tech and afford it an opportunity to inspect and/or test the system as it existed prior to the changes being made.

Plaintiff's changes to the milking system and its components without prior notice deprived Rota-Tech of the opportunity to gather direct evidence with which to support its defense to Plaintiff's claims that the vacuum pressure in the milking system was deficient as the system existed before the

---

[2]Reply in support of Plaintiff's motion (*Doc. 181*), Exhibit E.

alterations were made. As a consequence of the alterations, Rota-Tech lost the only direct means to prove or disprove that the vacuum pressure was "suitable" and "consistent," and, if not suitable or consistent, to prove which components were the cause of the deficiencies. Rota-Tech was entitled to inspect and test each component in its place within the milking system, and to inspect the entire system while it was intact and operational with all of its component parts, prior to modification of the system. Although Plaintiff preserved the parts and components of the milking system that were removed, took photographs of the alterations as they were being made, and had Dr. Reitsma test the system and record his test results before the system was changed, such evidence is insufficient to preserve Rota-Tech's right to inspect and to have its own expert test the system as it existed prior to any alterations being made.

Plaintiff's alteration of the milking system and its components that are the subject of this lawsuit is spoliation of evidence.[3] In determining the sanction to be imposed for spoliation, there are three factors to consider: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party yet serve to deter such conduct by others in the future. *See Restaurant Management Co. v. Kidde-Fenwal, Inc.*, 1999-NMCA-101, ¶13, 986 P.2d 504, 508 (N.M. Ct. App. 1999). *See also Jordan F. Miller Corp. v. Mid-Continent Aircraft*

---

[3]"Spoliation" has been defined as "'the destruction *or significant alteration of evidence*, or the failure to preserve property for another's use as evidence, in pending or future litigation.'" *Restaurant Management Co. v. Kidde-Fenwal, Inc.*, 1999-NMCA-101, ¶9, 986 P.2d 504, 507 (N.M. Ct. App. 1999), quoting *Willard v. Caterpillar, Inc.*, 48 Cal. Rptr. 2d 607, 616 (1995), *overruled on other grounds by Cedars-Sinai Medical Center v. Superior Court*, 954 P.2d 511, 521 n.4 (1998) (emphasis added).

*Service, Inc.*, No. 97-5089, 1998 WL 68879, at \*\*4-6 (10th Cir. February 20, 1998) (unpublished opinion).

In considering the first factor, courts have noted that the "[d]estruction of potentially relevant evidence obviously occurs along a continuum of fault - - ranging from innocence through the degrees of negligence to intentionality." *Welsh v. United States*, 844 F.2d 1239, 1246 (6th Cir. 1988). On the continuum of fault, Plaintiff's conduct is closer to gross negligence than negligence or intentionality. Plaintiff knew that the milking system was relevant evidence in this litigation at the time the alterations were made, yet Plaintiff proceeded to alter the system without notice to Defendant Rota-Tech and without giving Rota-Tech the opportunity to inspect and test the system prior to the alterations being made. Plaintiff thereby ran the risk of sanctions being imposed. Plaintiff argues that it modified the milking system to mitigate its damages; however, Plaintiff's duty to mitigate damages and its duty to preserve evidence are not mutually exclusive. Plaintiff could have mitigated its damages while still giving Rota-Tech the right to inspect and test the milking system before it was changed. No emergency existed requiring mitigation, as evidenced by the fact that several weeks elapsed between Plaintiff's decision to modify the milking system and the actual alterations. Plaintiff also contends that Rota-Tech personnel who visited the dairy before the milking system was changed could have inspected and tested the system on those occasions; however, these visits, which occurred prior to this lawsuit being filed, were made to provide service and maintenance to the system rather than to inspect and gather evidence needed for litigation. Plaintiff has failed to show that Rota-Tech had reason to know it should use these visits to inspect and test the system for vacuum deficiencies in anticipation of the system being modified or of a lawsuit being filed. It is significant that Plaintiff modified the milking system **after** this lawsuit was filed and it makes this case

distinguishable from cases cited by Plaintiff where spoliation occurred prior to filing a lawsuit. It also makes Plaintiff's conduct more culpable, although the Court does not find that Plaintiff's conduct rises to the level of bad faith.

The second factor to consider, is the degree of prejudice suffered by Defendant Rota-Tech. In considering this factor, the Court looks at the relevance of the destroyed evidence and the effect that loss of the evidence may have on Rota-Tech's ability to prepare and present its case. Plaintiff alleges that the milking system was defectively designed, manufactured, installed and serviced. Plaintiff contends that defects in the milking system caused a lack of adequate vacuum pressure and chronic vacuum instability. The milking system is a complex, integrated system composed of multiple parts. When Plaintiff modified the system, it significantly altered the system as it existed prior to the alterations. Although Plaintiff preserved the parts that it removed from the milking system, this was not the same as preserving the system as it was constituted prior to the alterations. Plaintiff's alteration of the milking system deprived Rota-Tech of the opportunity to discover evidence relevant to Plaintiff's claims and Rota-Tech's defenses related to the vacuum pressure in the milking system, *i.e.*, evidence of whether there were vacuum pressure defects in the system and, if so, what caused the defects. Plaintiff's modification of the system made it impossible for Rota-Tech to inspect and test the system in its condition prior to the modification, thereby depriving Rota-Tech of direct, objective and independent evidence of the vacuum pressure in the system prior to the modification. As a consequence, Rota-Tech's expert, John Barr, testified at his deposition that he could not test the milking system to determine if there was a vacuum drop because the configuration of the system was nothing like it was when the system was installed so there was no way he could test the old configuration. Additionally, Plaintiff's expert, Dr. Sybren Reitsma, acknowledged in his deposition

6

that because the milking system had been altered, there were difficulties ascertaining deficiencies in the vacuum system because the altered system was not identical to the original system. Thus, Rota-Tech's ability to defend itself against Plaintiff's claims related to the vacuum pressure in the milking system was seriously prejudiced by Plaintiff's spoliation of evidence.

The third factor to consider is whether there is a lesser sanction that will avoid substantial unfairness to the opposing party yet serve to deter such conduct by others in the future. This analysis "requires the court to balance the degree of fault of the spoliator's conduct against the magnitude of prejudice to the non-spoliating party, and to levy a sanction accordingly." *Restaurant Management Co. v. Kidde-Fenwal, Inc.*, 1999-NMCA-101, ¶17, 986 P.2d 504, 509 (N.M. Ct. App. 1999). As sanctions, Rota-Tech seeks the dismissal of Plaintiff's claims against Rota-Tech based on alleged defects in the milking system or, in the alternative, the exclusion of all evidence that the design, manufacture or installation of the Rota-Tech dairy equipment, in its original condition before the modifications occurred, was defective, negligent or in breach of contract. Dismissal of Plaintiff's claims is too extreme a sanction in this case. However, the sanction imposed should "level the playing field" so that Plaintiff does not gain an advantage by allowing its own expert to inspect and test the system in connection with this litigation and then significantly altering the milking system, without notice to Rota-Tech, thereby depriving Rota-Tech of the opportunity to have its own independent expert inspect and test the milking system as it existed when Plaintiff's expert tested it. Thus, the exclusion of Plaintiff's expert's evidence is a preferable sanction to dismissal of Plaintiff's claims.

The same analysis applies to Westfalia-Surge because Plaintiff also failed to give Westfalia prior notice of the changes Plaintiff made to the milking system and Westfalia-Surge was not able to

independently inspect and test the system as it existed prior to its alteration. Therefore, it is recommended that Westfalia-Surge should be entitled to the same relief afforded to Rota-Tech.

### Recommended Disposition

In light of the three factors for determining the sanction to be imposed for spoliation of evidence, and in order to be fair to Defendants Rota-Tech and Westfalia-Surge while at the same time avoiding being unduly prejudicial to Plaintiff, the Court **RECOMMENDS** that ***Rota-Tech's Motion and Memorandum Brief for Sanctions for Spoliation of Evidence*** (*Doc. 142*) and Westfalia-Surge's ***Motion to Adopt and File Reply in Support of Rota-Tech's Motion and Memorandum Brief for Sanctions for Spoliation of Evidence*** (*Doc. 166*) be **GRANTED** and **RECOMMENDS** the following as **SPOLIATION SANCTIONS**:

1. The presiding judge determine, as a finding of fact, that Plaintiff significantly altered the milking system, after this lawsuit was filed, without prior notice to Defendants Rota-Tech and Westfalia-Surge, and without reasonable explanation, which deprived Rota-Tech and Westfalia-Surge of the opportunity to independently inspect and test the milking system for vacuum pressure problems as the system existed prior to the alterations being made.

2. The presiding judge exclude the testimony of Plaintiff's expert, Dr. Sybren Reitsma, regarding alleged defects in the vacuum pressure in the milking system and how these alleged defects related to the alleged malfunctioning of the milking system, based on his inspection and testing of the milking system.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**