# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARIPOSA FARMS, LLC, a New Mexico
limited liability company,

        Plaintiff,

v.        No. CIV-03-0779 JC/LAM

WESTFALIA-SURGE, INC., an Illinois
corporation, and ROTA-TECH DAIRY
SHEDS INTERNATIONAL, LTD., a
New Zealand company,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant Rota-Tech Dairy Sheds International LTD.'s Motion to Exclude Testimony of Dr. Michael Behr*, filed November 11, 2004 (*Doc. 140*); and Defendant Westfalia-Surge, Inc.'s *Motion to Bar or Limit the Testimony of Michael Behr*, filed November 30, 2004 (*Doc. 146*). The Court, having considered the Motions, the parties' submissions, the relevant authority, and being otherwise fully informed, finds the Motions not well-taken and they are, therefore, DENIED.

**I.**        **Background**

This case arises from Plaintiff's allegations that a rotary dairy platform milking machine supplied and installed at Mariposa Farms failed to function as intended, causing injury to Mariposa's cows and resulting in economic losses. Plaintiff's claims sound in negligence, strict product liability and contract.

Plaintiff retained Dr. Michael Behr, a forensic economist, to testify at trial regarding the economic loss associated with each of several components of damages allegedly suffered. Behr's curriculum vitae establishes his extensive education in agricultural economics, experience conducting financial analyses and damages assessments on dairy farms, teaching experience in business and economics, and international presentation of his published works. In this case, Behr prepared two reports: one dated August 5, 2003 and a revised version thereof dated August 6, 2004. **II.**

**Legal Standard**

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. A qualified expert may testify and opine if the testimony offers "scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid.702. Having held that Rule 702 assigns to the trial judge the task of ensuring that expert testimony rests on a reliable foundation and is relevant, the Supreme Court articulated several non-exclusive factors for consideration of the reliability and admissibility of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1998). In performing its gatekeeping function, a trial court should focus not on the precise conclusions reached by the expert, but on the methodology employed in reaching those conclusions. *Daubert*, 509 U.S. at 595. In determining the validity of an expert's methodology or reasoning, a trial court may consider (1) whether a theory has been or can be tested or falsified; (2) whether the theory or technique has been subject to peer review and publication; (3) whether there are known or potential rates of error with regard to specific techniques, and (4) whether the theory or approach has general acceptance. *Id.* at 593-94. The Supreme Court has made clear that the aforementioned list is neither definitive nor exhaustive and that the trial judge enjoys

wide discretion in making reliability assessments and determinations.[1]  *Id.*

## III.   Discussion

The proposed and challenged testimony of forensic economist Dr. Michael Behr pertains to (1) dollar values of cows and calves; (2) dollar value of lost milk production; and (3) increased requirement for veterinary supplies and services and dollar amount thereof.  Defendants' objections properly focus not on Behr's credentials in the abstract, which are undisputed, but on the methodology employed by Behr in reaching his conclusions and making his calculations in this particular case.  Specifically, Defendants challenge as speculative Behr's conclusion regarding initial milk production levels and, more importantly, his projected rate of increased milk production over time, assuming a well-managed, healthy, developing herd in New Mexico and no problems with milking machinery.  Defendants also question the soundness of Behr's opinion regarding the dollar amount of excess veterinary costs incurred by Plaintiff insofar as Behr did not speak with Plaintiff's veterinarian, Dr. Corbet, until after Behr generated his report; Behr admitted to not knowing the amount of Plaintiff's actual veterinary, medicine, and labor costs; and Behr did not analyze the purported expenditures made to determine what amount of such expenditures may be properly attributed to the alleged problems with the milking platform prior to making his reports.

As the party seeking introduction of Behr's challenged testimony, Plaintiff bears the burden of establishing its admissibility by a preponderance of the evidence.  *Id.* at 592 n.10 (citing *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)).  Plaintiff need not prove that its expert is undisputably correct, but must instead show that the method employed in reaching a conclusion is

---

[1]The Court will not engage in an extensive relevance inquiry, for it appears beyond refute that Mr. Behr's proposed testimony bears a logical relationship to the material issue of Plaintiff's alleged damages in this case.

scientifically sound. In support of admissibility of Behr's expert testimony, Plaintiff submits the following:

### A. *Values of Cows*

Behr reviewed cattle sales reports from the Portales Livestock Auction and quarterly prices of cows in the State of New Mexico from 1999 through the second quarter of 2004. Behr then adjusted the value of the cows based upon milk production. Ultimately, Behr assessed Mariposa's cows a value of $1,350 each, the price Mariposa actually received for its cows when it sold its herd. In short, the Court finds the dollar value assigned to the animals by Behr's calculations to have the necessary indicia of reliability and the testimony is thus admissible.

### B. *Loss of Milk Production*

Behr's milk-loss calculations compare what Behr estimates to be the quantity and value of milk Mariposa would have produced in the absence of the parlor problems, to the amount and quality of milk Marisposa actually produced as a result of the problems allegedly attributable to the milking parlor. Behr calculates lost milk production in pounds, multiplies pounds by value per pound, then subtracts production costs saved by the diminished milk production. In forming his opinion of the lost value, Behr "evaluated Mariposa's farm, considered its actual milk production, consulted with its veterinarian, spoke with its manager, studied comparable farms' production and expenses, considered Mariposa's management, and applied his wealth of experience in performing economic analyses of dairy farms." Pl's Brief in Opp. at 2. The Court finds Behr's methodology and opinions regarding loss of milk production meet reliability standards for Rule 702 purposes. Thus, Behr's testimony is admissible and Defendants' objections thereto are properly directed at the weight such testimony will be given at trial.

*C. Increased Veterinary Supplies and Services*

Plaintiff concedes that it would be improper to illicit testimony beyond Behr's expertise, acknowledging that Behr is an economist and not a veterinarian. Plaintiff instead offers Behr's working knowledge of "veterinary and medicine expenditures at Marisposa and dairies in general" in support of his opinion regarding the increased dollar amount of veterinary services and supplies incurred by Plaintiff as a result of the problematic machinery. *Id.* at 2. Again, the Court finds in light of the evidence before it, Plaintiff has met the threshold reliability requirement for admission under Rule 702 and Behr's testimony will be allowed.

## IV. Conclusion

In summary, the Court finds Defendants' objections to admissibility of Behr's testimony at trial under Rule 702 of the Federal Rules of Evidence unpersuasive. The Court is satisfied that Dr. Behr's expert opinions meet at least the minimum reliability threshold for admission under *Daubert* and Defendants' challenges are appropriately directed at the weight his testimony will be given. Thus, Defendants' Motions are denied.

Wherefore,

**IT IS ORDERED** that *Defendant Rota-Tech Dairy Sheds International LTD.'s Motion to Exclude Testimony of Dr. Michael Behr*, filed November 11, 2004 (*Doc. 140*), and Defendant

5

Westfalia-Surge, Inc.'s *Motion to Bar or Limit the Testimony of Michael Behr*, filed November 30, 2004 (*Doc. 146*) are DENIED.

DATED March 31, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    David A. Domina, Esq.
    James F. Cann, Esq.
    DominaLaw, P.C.
    Omaha, NE

    Esteban A. Aguilar, Esq.
    Felicia C. Weingartner, Esq.
    Aguilar Law Offices, P.C.
    Albuquerque, New Mexico

Counsel for Defendant Westfalia-Surge, Inc.:

    M. Eliza Stewart, Esq.
    Madison, Harbour, Mroz & Brennan, P.A.
    Albuquerque, New Mexico

    Brice A. Tondre, Esq.
    Denver, Colorado

Counsel for Defendant Rota-Tech Dairy Sheds International, Ltd.

    Patrick M. Shay, Esq.
    Kurt B. Gilbert, Esq.
    Rodey, Dickason, Sloan, Akin & Robb, P.A.