IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIPOSA FARMS, LLC, a New Mexico
limited liability company,

                Plaintiff,

v.                                                                                                              No. CIV-03-0779 JC/LAM

WESTFALIA-SURGE, INC., an Illinois
corporation.

                Defendant.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court on Westfalia's *Motion for Summary Judgment in Favor of Westfalia-Surge, Inc.*, filed November 30, 2005 (*Doc. 147*). The Court, having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, finds the Motion not well-taken and it is, therefore, DENIED.

**I.     Background**

        The following facts are either undisputed or viewed in a light most favorable to Plaintiff. This case arises from alleged deficiencies in a milking system installed at a commercial dairy located in Causey, New Mexico. Plaintiff and Five Star Equipment Company ("Five Star") entered into a written Purchase Agreement ("Agreement") that was duly executed on January 8, 2000. The Agreement was for the purchase of certain Westfalia equipment and installation thereof. Five Star is a Westfalia dealer and Westfalia's status as Defendant in this litigation is based upon a purported agency relationship. The Agreement bears the name "Westfalia" in large letters on the front page,

top left, and "Westfalia" is circled, characterizing the Westfalia logo.  The Contract is styled "PURCHASE AGREEMENT for Westfalia Systemat Products."  In smaller letters, Mariposa Dairy is listed as buyer and Five Star Equipment Co. as seller.  Westfalia equipment is available to a buyer only through a Westfalia dealer such as Five Star.  Foster Dep. at 23:19-24, 24:1-7, 88:2-5.  At all times relevant to this litigation, Five Star and Westfalia were parties to a Dairy Farm Equipment Dealership Agreement ("Dealership Agreement"), executed on September 20, 1999.  The Dealership Agreement contains, *inter alia*, certain warranty disclaimers and damage limitations clauses and requires written notice of defects within thirty (30) days of discovery for warranty provisions to be operative.

Prior to entering into its Agreement with Five Star, Plaintiff declined to purchase a Westfalia carousel or system and instead purchased a Rota-Tech milking platform and incorporated equipment from both Westfalia and Rota-Tech into its milking system.  Five Star had no experience with rotary milking facilities.  Plaintiff filed this suit on July 2, 2003 asserting claims sounding in both contract and tort based upon alleged deficiencies in the milking system and economic losses allegedly suffered as a result thereof.

## II.    Legal Standard

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party.  *Id*.  The moving party has the initial burden of showing that there is no genuine issue of material fact.  *Id.* at 256.  The movant may discharge this burden by pointing out the absence of

evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

**III.**   Discussion

   A.   *Economic Loss Rule*

Westfalia asserts that in New Mexico, the economic loss rule precludes recovery in tort for property damages allegedly suffered by Plaintiff in this case. The Court articulated a determination on this question in its Memorandum Opinion and Order, filed April 7, 2005 (*Doc. 243*) at 4-7. Because this Motion offers no significantly different law or facts, the Court incorporates by reference its prior ruling in its entirety, finding as a matter of law that the economic loss rule does not bar Plaintiff's tort claims on the facts of this case for the reasons stated in its April 7, 2005 Memorandum Opinion and Order (*Doc. 243*).

*B.*     *Agency*

Westfalia further contends that there is no cause of action against it sounding in contract, for Westfalia was not a party to the contract between Plaintiff and Five Star, and summary judgment should be granted in its favor on Plaintiff's contract claim. For the reasons discussed briefly below, the Court disagrees.

Westaflia's position is that it cannot be held liable for Plaintiff's claims sounding in contract, for it was not a party to the Agreement between Plaintiff and Five Star. In support of this contention, Westfalia asserts that Plaintiff rejected Westfalia's proposal to enter into a contract for Westfalia rotary system, choosing instead to enter into subcontracts with Rota-Tech and Five Star. Thus, Westfalia asserts, Plaintiff chose not to do business with Westfalia and instead "rejected any involvement by Westfalia in the project." Reply at 2.

Plaintiff responds that it indeed declined to enter into a contract for installation of a Westfalia rotary system, but that in entering into the Agreement with Five Star for purchase and installation of other Westfalia equipment, Plaintiff believed it was doing business with Westfalia through its agent Five Star. In fact, the only way Westfalia equipment is available for purchase is through a dealer. Plaintiff argues that under well-established principles of agency, Westfalia is liable for any wrongdoing on the part of Five Star.

An agent is a person who, by agreement, represents the principle in business transactions with third persons. UJI 13-401 NMRA. Ordinarily, agency is a question of fact to be determined on a case-by-case basis. *Fryar v. Employers' Ins. of Wausau*, 94 N.M. 77, 80 (1980). An agent's actual authority may be inferred from attending circumstances rather than direct testimony. *Romero v. Mervyn's*, 109 N.M. 249, 252-54 (1989). Even where there is no actual agency with the right to

4

control, a principle may still be held liable if it has clothed the agent with apparent authority, that is, if the principle has by its statements, acts or conduct, led the plaintiff to reasonably believe the agent was acting as such and if the plaintiff dealt with the agent in justifiable reliance upon the principle's representations. UJI 13-408 NMRA; Restatement (Second) of Agency §140(b). Plaintiff relies on the New Mexico Supreme Court's ruling in *Chevron Oil Co. v. Sutton,* 85 N.M. 679, 682 (1973) to support a finding of agency on the facts of this case. In *Chevron*, the court found sufficient indicia of control to preclude summary judgment regarding actual agency where, among other things, Chevron mandated certain required business hours of a service station, the station was required to diligently promote Chevron products, and the station operators wore uniforms bearing the name Chevron. Here, Plaintiff asserts that Five Star, through its Dealership Agreement, was required to send its personnel to Westfalia's training sessions, use vehicles with markings and colors in accordance with Westfalia's guidelines, and follow Westfalia's standards. Plaintiff also asserts that through the Dealership Agreement Westfalia "broadly controlled many other aspects of Five Star's work." Resp. at 11.

The Court finds that Plaintiff has marshaled sufficient facts to create a genuine dispute of material fact on the question of whether Five Star was actual or apparent agent of Westfalia in its dealings with Mariposa. Thus, summary judgment on Plaintiff's contract claim against Westfalia is denied.

C.   *Essential Purpose/Unconscionability*

Westfalia seeks summary judgment ruling that the disclaimers and liability limitations in the Agreement between Five Star and Mariposa are valid and enforceable as a matter of law. Further, Westfalia argues that to the extent the express warranty might be applicable, it is unenforceable

5

because Marisposa failed to notify Westfalia of the alleged defects and provide an opportunity to cure. Plaintiff responds that Five Star was on notice of the alleged defects and visited Mariposa to "service, troubleshoot, or repair" and further attempted to rectify the problems at issue upon being notified that the milking claws fell off the cows at Mariposa and milking ceased in September 2001. Further, Plaintiff asserts, the clauses in the Agreement limiting recovery are unenforceable because the defects in the equipment were latent; thus, limiting Mariposa to the purchase price of the equipment would deny Mariposa the benefit of its bargain and the remedies would fail of their essential purpose.

Section 55-2-302 of the New Mexico UCC makes all contract clauses subject to unconscionability analysis while Section 55-2-719 provides that limited remedies are unenforceable if they fail of their essential purpose. In short, the Court finds genuine issues of material fact in need of resolution as to whether the limitation of liability clauses in the Agreement withstand the challenges by Plaintiff. Thus, summary judgment disposition is inappropriate.

**IV.   Conclusion**

In summary, the Court determines as a matter of law that the economic loss rule should not preclude Plaintiff from seeking recovery in both contract and tort on the facts of this case. The Court further finds genuine issues of material fact in need of resolution on the question of whether Five Star acted as agent of Westfalia and is thus bound by the Purchase Agreement between Mariposa Farms and Five Star. Finally, the Court determines that Plaintiff has raised genuine issues of material fact in need of resolution regarding the enforceability of the limitations clauses in its Agreement with Five Star.

WHEREFORE,

**IT IS ORDERED** that Defendant's *Motion for Summary Judgment in Favor of Westfalia-Surge, Inc.*, filed November 30, 2005 (*Doc. 147*), is DENIED.

Dated April 13, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    David A. Domina, Esq.
    James F. Cann, Esq.
    Domina Law, P.C.
    Omaha, NE

    Esteban A. Aguilar, Esq.
    Felicia C. Weingartner, Esq.
    Aguilar Law Offices, P.C.
    Albuquerque, New Mexico

Counsel for Defendant Westfalia-Surge, Inc.:

    M. Eliza Stewart, Esq.
    Madison, Harbour, Mroz & Brennan, P.A.
    Albuquerque, New Mexico

    Brice A. Tondre, Esq.
    Denver, Colorado