IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIPOSA FARMS, LLC, a New Mexico
limited liability company,

           Plaintiff,

v.                                                                               No. CIV-03-0779 JC/LAM

WESTFALIA-SURGE, INC., an Illinois
corporation,

           Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendants' Joint Motion for Summary Judgment Based upon Failure of Proof on Essential Elements of Plaintiff's Case*, filed March 18, 2005 (*Doc. 202*). The Court, having considered the Motion, the parties' submissions, and the relevant authority, denied the Motion in its oral ruling on April 12, 2005 for the reasons articulated herein.

**I.**    **Background**

In its Order, filed February 28, 2005 (*Doc. 19*7),the Court adopted Magistrate Judge Martinez' Proposed Finding and Recommended Disposition, filed February 3, 2005 (*Doc. 193*), imposing spoliation sanctions on Plaintiff. Specifically, the Order prohibits Plaintiff's expert witness Dr. Sybren Reitsma from testifying about any alleged defects "in the vacuum pressure in the milking system and how these alleged defects related to the alleged malfunctioning of the milking system, *based on his inspection and testing of the milking system."* Rec. Disp. at 8 (emphasis added). The

basis for the sanctions imposed is the alteration of Plaintiff's allegedly defective milking system by Plaintiff with an eye toward litigation, after Reitsma inspected the system and made his report and conclusions supporting Plaintiff's theory, without providing its opposition with notice or opportunity to independently inspect the equipment. Plaintiff's actions resulted in no opportunity for evidence-gathering to support a defense to this litigation. The sanction imposed by the Court was designed to level the playing field.

## II.     Legal Standard

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party. *Id*. The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that

evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

### III.  Discussion

As a preliminary matter, because the issues raised in this Motion materialized as the result of a ruling by the Court after the dispositive motion filing deadline, the Court finds it proper to entertain the Motion, which would otherwise be untimely.

In responding to this Motion, Plaintiff has been forced to indicate how it might establish all the elements of its claims absent any testimony from its expert, Reitsma, that is based upon Reitsma's inspection of the milking system. All that is necessary is that Plaintiff show there remain genuine issues of material fact in need of resolution at trial notwithstanding the Order of February 28, 2005.

For purposes of summary judgment, the Court will accept at face value Reitsma's Affidavit, in which he states that his opinions were not based solely on his testing and inspection of the equipment and that certain of his opinions and conclusions have been reached independent of his investigation. Resp., Ex. 1. Given Reitsma's March 2005 Affidavit, genuine issues remain in need of resolution on Plaintiff's claims and the Motion will be denied. The Court takes this opportunity, however, to caution Plaintiff regarding the seriousness with which the Court would take any attempt at an end run around the exclusionary sanctions it imposed upon Plaintiff as a result of Plaintiff's spoliation of evidence.

WHEREFORE,

**IT IS ORDERED** that *Defendants' Joint Motion for Summary Judgment Based upon Failure of Proof on Essential Elements of Plaintiff's Case*, filed March 18, 2005 (*Doc. 202*), is denied.

DATED April 14, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    David A. Domina, Esq.
    James F. Cann, Esq.
    Domina Law, P.C.
    Omaha, NE

    Esteban A. Aguilar, Esq.
    Felicia C. Weingartner, Esq.
    Aguilar Law Offices, P.C.
    Albuquerque, New Mexico

Counsel for Defendant Westfalia-Surge, Inc.:

    M. Eliza Stewart, Esq.
    Madison, Harbour, Mroz & Brennan, P.A.
    Albuquerque, New Mexico

    Brice A. Tondre, Esq.
    Denver, Colorado