IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARIPOSA FARMS, LLC, a New Mexico
limited liability company,

        Plaintiff,

vs.                                                        No. CIV-03-0779 JC/LAM

WESTFALIA-SURGE, INC., an Illinois
corporation,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's *Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial Pursuant to Rules 50(b) and 59 F.R.C.P.*, filed May 12, 2005 (*Doc. 269*) ("Motion"). Having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, the Court finds the Motion not well-taken and it is, therefore, denied.

**I.    Background**

This matter came on for jury trial April 12, 2005 through April 27, 2005. At the close of Plaintiff's case and again at the close of all evidence, Defendant made timely motions for judgment as a matter of law as to Plaintiff's negligence, breach of express warranties, and breach of implied warranties claims.[1] The motions were denied and the case was submitted to the jury. On April 27,

---

[1] These three causes of action alone were submitted to the jury, Plaintiff having abandoned all others prior to submission.

2005, the jury returned the Special Verdict Form finding liability on the part of Defendant and total damages in the amount of $8,732,072.  The jury apportioned 60% of fault to Plaintiff Mariposa Farms, LLC; 30% to Defendant Westfalia-Surge, Inc., including any conduct of Five Star Equipment, Inc. that was as Westfalia's agent; and 10% to non-party Rota-Tech Dairy Sheds Ltd.  On April 28, 2005, the Court entered judgment in favor of Plaintiff and against Westfalia-Surge, Inc. in the amount of $2,619,621.60.  Defendant Westfalia-Surge presently moves the Court for judgment as a matter of law or a new trial.  The bases for Defendant's Motion are: 1) expert testimony presented which Defendant contends was inadmissible pursuant to established *Daubert* and *Khumo Tire* standards; 2) insufficient evidence to support liability and damages; and 3) necessity for a new trial based in part on the Special Verdict form which Defendant asserts did not provide the opportunity for the jury to pass on the question of agency.

**II.     Standards of Review**

     A.     Judgment as a Matter of Law

Rule 50(b) states in pertinent part:

> If for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion....[I]n ruling on a renewed motion, the court may...if a verdict was returned...allow the judgment to stand, order a new trial, or direct entry of judgment as a matter of law....

FED.R.CIV.P. 50(b).  The Tenth Circuit instructs that a court should not weigh the evidence, pass on credibility of witnesses, or substitute its conclusions for those reached by the jury, but must, nevertheless, "enter judgment as a matter of law in favor of the moving party if 'there is no legally sufficient evidentiary basis...with respect to a claim or defense...under the controlling law.'" *Harolds*

*Stores, Inc. v. Dillard Dep't Stores*, 82 F.3d 1533, 1546-47 (10th Cir. 1996) (citation omitted) (quoting FED.R.CIV.P. 50(A)); *accord Baty v. Willamette Indus.*, 172 F.3d 1232, 1241 (10th Cir. 1999).

B.  New Trial

Rule 59(a) states in pertinent part: "[a] new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law . . . ." FED. R. CIV. P. 59(a). The Tenth Circuit has stated that a motion for a new trial is not regarded with favor and should only be granted with great caution. *United States v. Kelly*, 929 F. 2d 582, 586 (10th Cir. 1991). The decision to grant a motion for a new trial is committed to the trial court's sound discretion. *McDonough Power Equip., Inc. v. Greenwood*, 464 U. S. 548, 556 (1984). The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error, or that the jury verdict was not based on substantial evidence. *See White v. Conoco, Inc.*, 710 F. 2d 1442, 1443 (10th Cir. 1983). In reviewing a motion for a new trial, the Court must view the evidence in the light most favorable to the non-moving party. *See Griffin v. Strong*, 983 F. 2d 1544, 1546 (10th Cir. 1993).

**III.   Discussion**

Defendant argues that relief from judgment is warranted, for no competent evidence was adduced at trial to establish that: (1) the milking equipment functioned in a defective manner; (2) a functional defect was the probable cause of injury; or (3) absent injury, the herd was capable of producing at the level upon which Dr. Behr founded his damages computations. Defendants contend that the trial testimony from Dr. Reitsma, Dr. Corbett, and Dr. Behr was inadmissible under *Daubert* and *Kumho Tire* and must be determined so at this time. Defendant further asserts that Plaintiff's

3

case "rested entirely on the opinions of [these] three experts."  Mot. at 2.

Plaintiff responds that Defendant waived any Rule 50(b) post-trial objections to the testimony of Doctors Reitsma and Corbett under *Daubert* by failing to make timely objections thereto in pretrial motions or at trial.  *See Mascenti v. Becker*, 237 F.3d 1223, 1230-34 (10th Cir. 2001) (*Daubert* challenges not properly raised for the first time in a Rule 50 motion at close of evidence).  Thus, Plaintiff contends, the admission of such expert testimony may only be reviewed for plain error.  *See id.* at 1231.  Alternatively, Plaintiff argues that, even assuming timely *Daubert* challenges were made, the experts' testimony passes reliability muster nonetheless.  Regarding Dr. Behr, Plaintiff contends that the Court correctly ruled on Defendant's objections pretrial, properly determining his testimony to be admissible.

     A.      <u>Dr. Reitsma</u> (engineer)

The Court first determines that Defendant properly challenged the admissibility of Dr. Reitsma's testimony both pre-trial and at trial.  *See* Def.'s Joint Mot. for Summ. J. Based Upon Failure of Proof of Essential Elements of Pl.'s Case, filed March 18, 2005 (*Doc. 202*); Trial Tr. at 475-479.  Thus, the present challenge should not be viewed disfavorably.  *See Mascenti v. Becker*, 237 F.3d at1230-34.  Next, the Court reviews its ruling on the admissibility of Reitsma's testimony, acknowledging that the testimony is of questionable reliability.  Perhaps preoccupied by the task of assuring Reitsma did not tread in areas of barred testimony, the Court conceivably slighted Defendant's challenge to Reitsma's methodology as it existed post-sanction. Imposition of the spoliation sanction on Plaintiff dispossessed Reitsma of the benefit of his testing and all conclusions based thereon.  Thus, Reitsma's conclusions at trial were based solely upon photographs, illustrations, and conversations with Mr. Skelley.  Yet, prior to imposition of the sanction, Reitsma himself stated

emphatically that testing was, in fact, the only reliable and acceptable means by which to ascertain vacuum pressure or function. Reitsma Dep. at 60, 306. When that testimony was eliminated, so, too, was the primary *Daubert-Kumho* basis for Reitsma's conclusions. Upon reviewing Defendant's challenges and the relevant testimony, the Court finds it erred when allowing Reitsma to testify regarding vacuum function or failure when his opinions and conclusions were based not on ASAE industry standards (testing and measurement), but instead on photographs, diagrams, and conversations. Had Reitsma himself not testified that such testing constitutes the only reliable means by which to reach conclusions on key issues, the Court might have a closer question before it now. It was error, however, to allow Reitsma to change his methodology in what amounted to an end-run around the spoliation sanctions imposed upon Plaintiff. That said, the primary question in need of resolution here is whether sufficient evidence of liability exists independent of Reitsma's testimony.

      B.      Dr. Corbett (veterinarian)

Here, Plaintiff correctly identifies that Defendant failed to file a motion *in limine* raising *Daubert* objections to Dr. Corbett's testimony, nor was any such objection raised at trial. Thus, the Court properly declines to entertain the challenges now. *See Mascenti v. Becker*, 237 F.3d at 1230-34. Moreover, assuming, arguendo, the Court were inclined to entertain Defendant's untimely credibility challenges to Corbett's testimony, the challenges relate to weight, rather than admissibility. As such, cross examination at trial provided Defendant the proper venue to challenge Corbett's conclusions.

      C.      Dr. Behr (economist)

It is beyond reasonable dispute that Defendant properly challenged the admissibility of Dr.

Behr's testimony. *See* Mot. to Bar or Limit the Testimony of Michael Behr, filed November 30, 2004 (*Doc. 146*); Tr. Transcript at pp. 850, 859.

When challenging admissibility of Dr. Behr's testimony, Defendant focuses on the fact that Behr failed to incorporate data available from the Skelley's former operation, Causey Dairy, when calculating what he termed the "Normal Trend" in production and which he compared to the actual production at Mariposa Dairy. Defendant cites *Quinones v. Pennsylvania*, 804 F.2d 1167, 1169-71 (10th Cir. 1986) for support. The Court, however, finds *Quinones* distinguishable from the present case. In that case, District Judge Black disallowed expert testimony on lost earnings as irrelevant, finding no proper foundation for using the wage figures for factory workers who manufactured jewelry when computing the lost income of a self-employed watch repairman. *Id.* at 1171. The Tenth Circuit held the district court was within its discretion when concluding that the income of a factory worker, presumably determined by hourly wage, could not fairly be equated with that of plaintiff self-employed businessowner/tradesman. The district court properly excluded the irrelevant testimony in favor of plaintiff's own tax returns from prior years. The *Quinones* reasoning does not apply here. The Court cannot reasonably determine that the state-wide averages used by Behr are irrelevant to the potential production at Mariposa. Nor, for that matter, is extensive analysis of *Craig v. Champlin Petroleum Co.*, 435 F.2d 933 (10th Cir. 1971), required to determine that that case, also cited by Defendant, does not bear significantly on the analysis of Behr's testimony in the instant matter.[2]

Finally, ample evidence was indeed presented to the jury regarding the less-than-average

---

[2] In *Craig*, an expert's opinion that a market existed was of diminished value as impermissively speculative and based on conjecture where no specific, available market or buyer for the subject casinghead gas was identified within the relevant geographic area.

6

production and revenues generated by Causey Dairy, as well as the purported mismanagement of both Causey and Mariposa dairies. Defendant itself acknowledges that Behr's "assumption was clearly rejected by the jury which found Mariposa 60 percent at fault for its business losses." Mot. at 22. The Court agrees; apparently Behr's testimony was successfully rebutted. Thus, Defendant's position here tends to abrogate any finding that admission of Behr's testimony prejudicially affected a substantial right of Defendant's. *See White v. Conoco, Inc.*, 710 F. 2d at 1443. All things considered, the Court finds no prejudicial error in allowing Behr's testimony and, therefore, adheres to its prior ruling. *See* Mem. Op. and Order, filed March 31, 2005 (*Doc. 216*).

        D.        <u>Sufficiency of Properly Admitted Evidence</u>

Defendant's position is perhaps best summarized as follows: "The jury in this case was given no more reason to believe that the placement of the regulator, or the placement of the two-inch milk line, made the machine dangerous to cows than if the complaint was that the device was painted an unusual color." Reply at 5.

Plaintiff responds that the Westfalia manual itself establishes that the vacuum regulator manufactured by Westfalia and installed in accordance with instruction provided by Westfalia's teaching schools was misplaced. The placement of the regulator on the Mariposa system was in violation of the schematics found in the Westfalia manual. Also, Defense witness Cunningham testified that vacuum regulation is critical. Defense expert Dr. Johnson, too, acknowledged that a misplaced vacuum regulator can create a dangerous situation. Johnson also conceded that mastitis can be spread through the milking machine, though he did not conclude that is what occurred at Mariposa. Dr. Corbett testified to his belief that the Mariposa milking machine did not properly milk the cows. Dr. Corbett also testified that the defect in the Mariposa milking machine caused mastitis

to be propagated and spread throughout the Mariposa herd because, in his opinion, faulty equipment is the only way mastitis can spread as quickly as it did at Mariposa. Corbett's conclusion was based, in significant part, on lab reports showing the rapid rate at which new infections were occurring in the Mariposa herd. The lab work also revealed that the mastitis at Mariposa was caused by a contagious organism. Corbett opined that, to his knowledge, the only way for such an organism to spread is through the milking equipment. Corbett ultimately found, through his testing, that vacuum stability was excellent after relative changes had been made to the system. Finally, and quite significantly, Five Star's records document that ongoing vacuum and pulsation problems existed with the milking machine at Mariposa.

The Court readily acknowledges that, absent Dr. Reitsma's testimony, there is decidedly less evidence in the record for the jury to have properly relied upon in finding liability on the part of Defendant. However, the Court strongly disagrees with Defendant's assertion that misplacement of a vacuum regulator is reasonably analogous to installation of, say, a chartreuse device. *See* Reply at 5. Nor, in all likelihood, would changing the color of the device to basic black improve its vacuum stability. Instead, the Court finds sufficient evidence remains in the record to support the verdict and that the Court's error in allowing Reitsma's testimony did not adversely affect a substantial right of Defendant.

  E. <u>Agency</u>

Defendant contends that the Special Verdict form presented to the jury in this matter was in error, for it did not include a special interrogatory directly asking the jury if it found Five Star was acting as Westfalia's agent. The Court finds this argument is without merit. First, the jury instructions in this case include the following:

INSTRUCTION NO. 16

      An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair or does some service for the principal, with or without compensation.  The agreement may be oral or written, and may be either expressed or implied by a course of conduct showing an intention that the relationship exists.

      The plaintiff contends, and has the burden of proving, that Five Star Equipment, Inc. acted as agent in performing the work under the contract between Mariposa and Five Star.

Additionally, Jury Instruction No. 17 advised the jury regarding agency and right to control while No. 18 instructed on apparent agency. Thus, the jury was properly instructed that it was required to find an agency relationship, with scope of agency and right to control or, alternatively, apparent agency. Again, no record objection was made to these particular instructions.  In addition to Jury Instructions Nos. 16, 17, and 18, the Special Verdict form, which Plaintiff and Defendant ultimately submitted to the Court as agreed upon, allowed the jury to apportion fault to "Westfalia-Surge, Inc., including any conduct of Five Star Equipment, Inc. that was as Westfalia's agent" and/or to "Five Star Equipment, Inc. as an independent entity and not  as an agent of of Westfalia-Surge, Inc."[3]  Taken in tandem, the instructions and verdict form necessarily establish the jury's determination that the agency relationship existed.

## IV.   Conclusion

In summary, the Court finds sufficient evidence on the record, exclusive of Dr. Reitsma's testimony, for a reasonable jury to find the liability assessed and the damages awarded in this case. Thus, judgment as a matter of law would be inappropriate and the Rule 50 motion is denied.  Further, the verdict is supported by the weight of the properly admitted evidence and a new trial is not

---

[3] Thirty percent of  total fault was assessed against the former, while no fault was assessed against the latter.

warranted. It is the Court's reasoned determination that the verdict should stand.

WHEREFORE,

**IT IS ORDERED** that Defendant's *Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial Pursuant to Rules 50(b) and 59 F.R.C.P.*, filed May 12, 2005 (*Doc. 269*), is DENIED.

Dated October 6, 2005.

_____
ENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    David A. Domina, Esq.
    James F. Cann, Esq.
    DominaLaw, P.C.
    Omaha, NE

    Esteban A. Aguilar, Esq.
    Felicia C. Weingartner, Esq.
    Aguilar Law Offices, P.C.
    Albuquerque, New Mexico

Counsel for Defendant Westfalia-Surge, Inc.:

    M. Eliza Stewart, Esq.
    Madison, Harbour, Mroz & Brennan, P.A.
    Albuquerque, New Mexico

    Brice A. Tondre, Esq.
    Denver, Colorado